IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

**JENNI JOHNSON-SOTO,**

**Plaintiff,**

**v.**

**INTERNATIONAL MEAL COMPANY,**

**et al.,**

**Defendants.**

Civil No. 12-2027 (GAG)

## OPINION AND ORDER

Plaintiff Jenni Johnson-Soto ("Plaintiff") brought this action against International Meal Company d/b/a Airport Aviation Services ("IMC") and Jose E. Pueyo-Font ("Pueyo"), Human Resources Director of IMC (collectively "Defendants"), alleging disability discrimination and retaliation pursuant to the Americans with Disabilities Act ("ADA"), 48 U.S.C. §§ 12101 *et seq*. Plaintiff also brings state claims alleging violations of Puerto Rico Law 44 of July 2, 1985 ("Law 44"), P.R. LAWS ANN. tit. 1, §§ 501 *et seq*.; Puerto Rico Law 53 of August 30, 1992 ("Law 53"), P.R. LAWS ANN. tit. 1, § 511; Puerto Rico Law 80 of May 30, 1976, as amended ("Law 80"), P.R. LAWS ANN. tit. 29, §§ 185(a) *et seq*.; and Puerto Rico Law 115 of December 20, 1991 ("Law 115"), P.R. LAWS ANN. tit. 29, §§ 194 *et seq*. (See Docket No. 12.)

Presently before this court is Defendants' motion to dismiss for failure to state a claim (Docket No. 18). Plaintiff opposed this motion (Docket No. 19), Defendants filed a reply brief (Docket No. 22), and Plaintiff filed a surreply (Docket No. 23-1). After reviewing these submissions and the pertinent law, the court **DENIES** Defendants' motion to dismiss.

**I.    Standard of Review**

"The general rules of pleading require a short and plain statement of the claim showing that the pleader is entitled to relief." Gargano v. Liberty Intern. Underwriters, Inc., 572 F.3d 45, 48 (1st

**Civil No. 12-2027 (GAG)** 2

Cir. 2009) (citations omitted) (internal quotation marks omitted). "This short and plain statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Id. (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

Under Rule 12(b)(6), a defendant may move to dismiss an action against him for failure to state a claim upon which relief can be granted. See FED. R. CIV. P. 12(b)(6). To survive a Rule 12(b)(6) motion, a complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. The court must decide whether the complaint alleges enough facts to "raise a right to relief above the speculative level." Id. at 555. In so doing, the court accepts as true all well-pleaded facts and draws all reasonable inferences in the plaintiff's favor. Parker v. Hurley, 514 F.3d 87, 90 (1st Cir. 2008). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]' -'that the pleader is entitled to relief.'" Iqbal, 556 U.S. 662, 129 S. Ct. at 1950 (quoting FED. R. CIV. P. 8(a)(2)). A plaintiff need not allege sufficient facts to meet the evidentiary *prima facie* standard. Rodriguez-Reyes v. Molina-Rodriguez, No. 12-1647, 2013 WL 1173679 (Mar. 22, 2013). *Prima facie* elements "are part of the background against which a plausibility determination should be made." Id. at *4 (external citations omitted). "[T]he elements of a prima facie case may be used as a prism to shed light upon the plausibility of the claim." Id.

**II.   Factual Background**

Plaintiff started working for Defendants as a security agent in 1995. (See Docket No. 12 ¶ 3.2.) On September 12, 2010, Plaintiff suffered multiple body trauma in a car accident, including trauma to the nose, and tendons in her left arm and left rotator cuff. (See id. ¶ 4.1.) As a result, Plaintiff could not lift items with her left shoulder and requested a leave of absence until March 30, 2011. (See id. ¶¶ 4.2-4.3, 4.7.) Plaintiff received treatment under the Automobile Accident

**Civil No. 12-2027 (GAG)**                                    3

Compensation Administration ("ACAA," for its Spanish acronym) and kept Defendants informed of the development of her treatment and the status of her condition. (See id. ¶¶ 4.4-4.5.) Between September 14, 2010 and February 23, 2011, Plaintiff provided copies of medical certificates and records to Defendants, including the medical orders and records related to her left shoulder surgery on December 2, 2010. (See id. ¶¶ 4.6, 4.10-4.11.) Except for physical therapy sessions, Plaintiff's post-operative treatment concluded on March 30, 2011. (See Docket No. 12 ¶ 4.14.) Plaintiff's musculoskeletal functions related to her left shoulder remained severely affected. (See id.) Also on March 30, Plaintiff's doctor discharged her from his care with instructions for light duty for four months. (See id. ¶ 4.15.) On that day, Plaintiff followed her doctor's recommendation and submitted a request for a "reasonable accommodation" to Maria Marrero ("Marrero"). (See id. ¶¶ 4.15, 4.19.) This accommodation would prevent Plaintiff from lifting heavy objects, but would not interfere with her other duties "such as to watch the movement of persons, report illegal and/or suspicious activities, serve as a guard at the airport security checkpoints, and drive passengers in airport security carts." (See id. ¶¶ 4.16-4.17.) Marrero asked Plaintiff if she received a letter from IMC, but neither Marrero nor anyone else at IMC discussed with Plaintiff her request for an accommodation. (See id. ¶¶ 4.20-4.22.)

On March 31, 2011, Plaintiff went to meet Pueyo, but was not allowed to see him. (See Docket No. 12 ¶ 4.26.) On April 1, 2011, Plaintiff called Marrero to ask when she could resume her job as a security agent, but Marrero told Plaintiff her position was not available. (See id. ¶¶ 4.27-4.28.) Plaintiff alleges that Defendants were hiring new personnel as security agents during the time she requested to be reinstated. (See id. ¶ 4.29.) She claims Defendants terminated her because her reservation period under the ACAA Act expired on March 12, 2011, even though she had requested a leave of absence until March 30, 2011. (See id. ¶¶ 4.7-4.8.) She further alleges Defendants did not rehire her due to her disability or because Defendants regarded her as disabled. (See id. ¶ 4.31.)

**III.    Discussion**

In its motion to dismiss, Defendants aver that Plaintiff's discrimination and retaliation claims

**Civil No. 12-2027 (GAG)**                4

under the ADA, as well as Plaintiff's claims under Law 44 and Law 53, fail because Defendants have a valid, nondiscriminatory reason to terminate Plaintiff. They further argue that Plaintiff's claim under Law 115 fails because Plaintiff did not engage in protective conduct under the statute.

In order to obtain relief under the ADA, a plaintiff must prove: "(1) that she was "disabled" within the meaning of the ADA; (2) that she was able to perform the essential functions of her job with or without accommodation; and (3) that she was discharged or adversely affected, in whole or in part, because of her disability." Ruiz Rivera v. Pfizer Pharm., 521 F.3d 76, 82 (1st Cir. 2008) (citing Katz v. City Metal Co., 87 F.3d 26, 30 (1st Cir. 1996)).

The court notes the elements of a *prima facie* case do not need to be established in a complaint and finds that Plaintiff's amended complaint is sufficiently well-pled to pass Rule 12(b)(6) muster. Viewing the facts in the light most favorable to Plaintiff, the amended complaint lays out sufficient facts alleging discrimination and that Plaintiff is a person with a disability who may be able to perform the essential functions of the job with or without accommodation.

Defendants do not contest Plaintiff's *prima facie* case, but instead claim they have a valid nondiscriminatory reason for Plaintiff's termination. They argue Plaintiff never requested to be reinstated within the period afforded by the law. Defendants' burden to present a valid nondiscriminatory reason once Plaintiff establishes her *prima facie* case should be reserved for summary judgment and trial. Defendants cite to various cases in support of satisfying their burden; however, these cases deal with the motion for summary judgment standard and not the motion to dismiss standard. As discovery in this case proceeds, the parties may be able to limit the controversies, but now is not the time to do so. Defendants' motion to dismiss Plaintiff's retaliation claim under the ADA and her claims under Law 44 and Law 53 fail for the same reasons.

Lastly, Defendants aver Plaintiff does not properly assert that her Law 115 claim "is based on her having engaged in protected conduct by going to the ACAA." (See Docket No. 22 at 6.) Plaintiff's fifth cause of action in the complaint states "Johnson engaged in protected conduct under Law. No. 115 . . . ." (See Docket No. 12 ¶ 9.2.) In the facts related to disability, retaliation, and

**Civil No. 12-2027 (GAG)** 5

unjust dismissal claims, Plaintiff states she reported herself to treatment under the AACA as a result of her injuries. (See id. at 4.4.) Defendants do not contest whether Plaintiff's AACA is protected conduct, but instead argue Plaintiff admitted that she did not request reinstatement as required by the ACAA Act. Plaintiff never admitted this in her complaint. Plaintiff's allegations are sufficient to sustain her Law 115 claim.

**IV. Conclusion**

In the light of the foregoing, the court hereby **DENIES** Defendants' motion to dismiss (Docket No. 18).

**SO ORDERED.**

In San Juan, Puerto Rico this 26th day of April, 2013.

*s/ Gustavo A. Gelpí*

GUSTAVO A. GELPI
United States District Judge